UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN STANDARD, INC.,

                Plaintiff,

    -against-

OAKFABCO, INC. f/k/a KEWANEE BOILER
CORP.,

                Defendant.

06 Civ. 3227 (RJH)

**MEMORANDUM OPINION
AND ORDER**

---

      The parties to this action, American Standard, Inc., and OakFabco, Inc., are both actively involved in the New York City Asbestos Litigation ("NYCAL") ongoing in state court. At the invitation of a state judge overseeing NYCAL, plaintiff American Standard, Inc., filed this action in state court pursuant to New York's declaratory judgment statute, which permits the state supreme court to "render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." N.Y. C.P.L.R. § 3001 (McKinney's 2001). American Standard seeks a declaratory judgment that OakFabco is directly liable to third party plaintiffs for personal injury and product liability claims arising from Kewanee boilers manufactured before 1970 under the agreements by which OakFabco acquired the business in 1970 from American Standard. (*See* Compl. 12.) American Standard also seeks an order permanently enjoining OakFabco from disclaiming its obligations to product liability plaintiffs. (*Id.*)

On April 26, 2006, OakFabco removed American Standard's action from state court pursuant to 28 U.S.C. § 1332(a)(1), which sets forth diversity and amount-in-controversy requirements, and 28 U.S.C. § 1441(a). Shortly after, OakFabco filed a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the relief requested by American Standard is foreclosed by a decision, and subsequent judgment, entered by the U.S. Bankruptcy Court for the Northern District of Illinois. *See OakFabco, Inc. v. Am. Std., Inc. (In re Kewanee Boiler Corp.)*, 297 B.R. 720 (Bankr. N.D. Ill. 2003). American Standard argues in opposition to the motion to dismiss that the only issue decided by the bankruptcy court was that OakFabco's obligation to indemnify American Standard was discharged in bankruptcy, and that the decision had no effect whatsoever on OakFabco's liability post-bankruptcy to alleged injured plaintiffs whose liabilities were not discharged in bankruptcy.

Prior to argument on OakFabco's motion, the Court sua sponte requested the parties to address, *inter alia*, the issue of whether the amount-in-controversy requirement for diversity jurisdiction had been met. At argument, the Court also raised the question of whether American Standard had standing to seek declaratory relief as to OakFabco's potential liabilities, not to American Standard, but to third parties.

Because the Court finds itself without subject matter jurisdiction over the removed action, the case is remanded to state court.

## DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "When an action is removed from

2

state court, the district court must initially determine whether it has subject matter jurisdiction over a plaintiff's claim before reaching the merits of a motion to dismiss, for summary judgment, or for other relief." *Borden v. Blue Cross & Blue Shield*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006) (citing *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).  Challenges to subject matter jurisdiction may not be waived and may be raised sua sponte by the district court.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006).  If removal was inappropriate, the court must remand for lack of subject matter jurisdiction, notwithstanding the pendency of other motions.  *See* 28 U.S.C. § 1447(c); *see also Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998).

As a general matter, a party asserting jurisdiction bears the burden of proving that a case is properly in federal court.  *See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297, 298-99 (S.D.N.Y. 2001).  "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."  *CenterMark*, 30 F.3d at 301.  Moreover, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Leslie v. Banctec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990)); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

1.  **Standing**

The Declaratory Judgment Act—not state declaratory judgment law—provides the procedural mechanism for granting declaratory relief in federal diversity cases.  *See*

3

*Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 & n.2 (S.D.N.Y. 1995) (gathering cases). The Declaratory Judgment Act provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The requirement in the Declaratory Judgment Act that the action present an "actual controversy" between the parties is consistent with the "cases" and "controversies" requirement of Article III. *See Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985). "The question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Archie Comic Publ'ns, Inc. v. DeCarlo*, No. 00 Civ. 5686 (LAK), 2001 U.S. Dist. LEXIS 19692, 2001 WL 1543526, at *1 (S.D.N.Y. Dec. 3, 2001) ("[T]he indispensable prerequisites for declaratory relief are the existence of a live, definite and concrete controversy between adverse parties and circumstances making a binding judicial declaration useful in establishing their rights." (citing *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001))); *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) ("[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983))). "Standing to sue is part of the common understanding of what it takes

4

to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 (1998). At an irreducible minimum, a plaintiff who invokes the court's authority under Article III must show: (1) that the plaintiff personally has suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).

In this case, American Standard alleges that OakFabco assumed all of American Standard's liabilities arising from Kewanee boilers manufactured before 1970, but that OakFabco continues to defend itself in product liability cases by claiming that American Standard is liable for these injuries. As a result, American Standard has incurred and will continue to incur the costs of defending itself in product liability suits that instead it claims should have been brought against OakFabco. The Complaint thus identifies an actual injury—repetitious litigation with its accompanying risk of inconsistent decisions—that fairly can be traced to OakFabco. The Court finds these factual allegations sufficient to satisfy the injury and causation requirements for standing.

The Court questions whether the third standing prong is satisfied, however, because the relief requested by American Standard—a declaration of OakFabco's liabilities towards third party plaintiffs and an injunction enforcing that declaration—will not redress American Standard's alleged injuries. American Standard is not asking this Court to adjudicate its rights or liabilities vis-à-vis OakFabco; indeed, American Standard concedes that any obligation to indemnify American Standard was discharged during OakFabco's bankruptcy, and American Standard does not argue that OakFabco owes it

any other obligation.  Rather, American Standard asks this Court to adjudicate the liabilities of OakFabco vis-à-vis personal injury plaintiffs who are not parties to this action.  If the Court were to do so, a plaintiff claiming injury from a Kewanee boiler could use this Court's judgment in a case against OakFabco to preclude OakFabco from disclaiming liability.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  Even if American Standard prevails in this case, however, personal injury plaintiffs will remain free to name American Standard as a defendant in product liability suits, and American Standard will be unable to use a judgment in this case to reduce the risk of inconsistent decisions because "due process does not permit application of collateral estoppel against a party who did not have a full and fair opportunity to litigate the issue in the earlier proceeding."  *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 178 (7th Cir. 1995) (citing *Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir. 1986)); *Parklane Hosiery Co.*, 439 U.S. at 327 n. 7 ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").  American Standard candidly conceded this point at oral argument but claims the aura of a federal court decision on the issue of whether OakFabco contractually assumed liabilities to asbestos claimants would assist American Standard in persuading state courts to dismiss similar claims made against it.  (*See* Oral Argument Tr. 16, 37.)  However, "[t]he fact that a declaratory judgment may have persuasive or even precedential weight in a subsequent proceeding will not alone suffice to confer standing upon a party seeking to invoke federal jurisdiction.  Article III requires more."  *Comite De Apoyo a Los Trabajadores Agricolas v. United States Dep't of Labor*, 995 F.2d 510, 513 (4th Cir. 1993).

6

Although on the basis of the preceding discussion it appears that all of the Article III requirements for standing may not be satisfied, the Court need not decide the issue because the Court concludes below that that the amount-in-controversy requirement for diversity jurisdiction is not satisfied.

**2.     Diversity Jurisdiction**

In general, under 28 U.S.C. §§ 1332(a)(1) and 1441(a), a defendant may remove to federal court any civil action brought in state court where parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Mallalieu-Golder Ins. Agency v Exec. Risk Indem.*, 254 F. Supp. 2d 521 (M.D. Pa. 2003).  In the Second Circuit, the amount in controversy is measured strictly from the plaintiff's viewpoint, without regard to the amount at stake for any other party.  *See Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 48–49 (2d Cir. 1972).  "This is the majority rule, and it applies to removal actions just as it does to actions filed originally in federal court."  *Colon v. Rent-A-Center, Inc.*, 13 F. Supp. 2d 553, 558 (S.D.N.Y. 1998) (citing *Cowan v. Windeyer*, 795 F. Supp. 535, 537 (N.D.N.Y. 1992)).  The removing party must show a "reasonable probability" that the claim is for more than the jurisdictional amount.  *Tongkook Am. Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation").  Because that amount is measured from the plaintiff's

perspective, the value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1078 (11th Cir. 2000). Benefits from an injunction must not be "too speculative" or "immeasurable." *Morrison v. Allstate Indemnity Comp.*, 228 F.3d 1255, 1268–69 (11th Cir. 2000) (quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs.*, Inc., 120 F.3d 216, 221–22 (11th Cir. 1997)).

It is plain from the face of the Complaint that American Standard has not claimed the jurisdictional minimum of $75,000 (or indeed any amount). Moreover, as a result of the 2003 bankruptcy litigation, American Standard has no direct monetary claim arising under the agreements between the parties. Nevertheless, OakFabco argues that the declaratory and injunctive relief sought by American Standard is directly relevant to the parties' battle over which of them is liable in numerous underlying personal injury actions, in which collective and, in some cases, individual liability exceeds $75,000. (Def.'s Letter (Aug. 4, 2007), at 1.) However, the Court has already determined that any judgment in this case will not have preclusive effect in such suits and thus a declaratory judgment in favor of American Standard in this case is of no monetary value to American Standard in this respect. Thus, contrary to OakFabco's position (*id.*), American Standard's claim in the instant litigation is not analogous to an insured's claim against its insurer seeking an interpretation of policy language and a declaration of coverage to determine liability to claimants in underlying tort actions. *See, e.g., Legion Indem. Co. v. CareStat Ambulance, Inc.*, 152 F. Supp. 2d 707, 712 (E.D. Pa. 2001). In those cases, the insured alleges a live claim for indemnification by its insurer, *see id.* at 711; here, American Standard exhausted its indemnification claims in the bankruptcy proceeding.

OakFabco might also argue that product liability plaintiffs may not name American Standard as a defendant in future suits if American Standard prevails in this case, thus reducing future costs of litigation to American Standard, but this argument must also fail because the precise monetary benefit to American Standard under this theory is too uncertain and speculative to be quantifiable.  (*See* Pl.'s Letter (Aug. 2, 2007), at 4.)  "[A] defendant cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value."  *Law Audit Servs. v. Studebaker Technology*, No. 96 Civ. 0926 (LMM), 1996 U.S. Dist. LEXIS 3621, 1996 WL 137492, at *4 (S.D.N.Y. Mar. 27, 1996); *Kheel*, 457 F.2d at 49; *cf. Harvard Real Estate v. Kmart Corp.*, 407 F.Supp.2d 317 (D. Mass. 2005) ("[M]erely because there is ultimately an issue involving a great deal of money lurking somewhere in the relationship between the parties is no reason to transform this [case] into a matter involving federal court diversity jurisdiction.")  Accordingly, the Court finds that the actual amount in controversy does not meet the requisite threshold and the Court is without subject matter jurisdiction.

## CONCLUSION

The Complaint in this case provides no basis for finding that the amount-in-controversy requirement for diversity jurisdiction is satisfied. OakFabco, as the party invoking this Court's jurisdiction, has not established otherwise. Because this Court lacks subject matter jurisdiction, the case is remanded pursuant to 28 U.S.C. § 1447(c) to the New York State Supreme Court, New York County.

SO ORDERED.

Dated: New York, New York
       August 9, 2007

Richard J. Holwell
United States District Judge